UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:17-CR-00172-05** |
| **VERSUS** | **JUDGE DRELL** |
| **DEWAINE RAYE HAYES (05)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

RULING AND ORDER

Before the court is Dewaine Raye Hayes' "*Pro Se* Motion for Sentence Reduction under the Compassionate Release Statute, 18 U.S.C. §3582(c)(1)(A)(i), as Amended by the First Step Act." (Doc. 522).

On June 29, 2017, Dewaine Raye Hayes ("Hayes") and nine codefendants were indicted on six counts of drug related crimes. (Doc. 1). Hayes was faced a single count of conspiracy to distribute, possess with intent to distribute methamphetamine with forfeiture allegations in violation of 21 U.S.C. §841(a)(1) and §846 as set forth in count 1. (Id.). On November 21, 2018, Hayes entered a plea of guilty to that single count and on May 31, 2019, Hayes was sentenced to a 120 months term of imprisonment with credit for time served in the custody of the U.S. Marshals beginning July 12, 2017. (Docs. 354 and 473). Hayes is currently serving his sentence at FCI Talladega, in Talladega, Alabama.

Hayes filed the instant motion for compassionate release on August 25, 2020, arguing he is entitled to relief because of (1) "the 'extraordinary and compelling reasons' confronting the Federal Bureau of Prisons ('FBOP') as a result of the COVID-19 disaster and its likely pervasive and deadly impact at the Talladega prison complex ('FCI Talladega')" and (2) his "heightened risk of complication due to his gender and health...because he is a man who suffers from high blood pressure and diabetes." (Doc. 522, p.1-2).

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A).

Hayes contends "this court may waive further exhaustion of administrative remedies under 18 U.S.C. §3582(c)(1)(A) because of the urgent risk of fatal infection...." (Doc. 522-1, p.18). Such is not the case. The Fifth Circuit recently held in United States v. Franco, 973 F.3d 465, 468 (5th Cir.2020) that:

> The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule.
>
> . . .
>
> The statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP. This rule "seek[s] to promote the orderly process of litigation by requiring that the parties take certain procedural steps at certain specified times."

Id. (internal citations excluded). Thus, we cannot rely simply upon Hayes' "good faith effort" made to exhaust his administrative remedies. Hayes must show that he has in fact exhausted for this court to retain jurisdiction and rule on the matter. As he has failed to make such a showing, the motion is denied for lack of jurisdiction.

Even if the court possessed jurisdiction, the motion would be denied as Hayes has not demonstrated that "extraordinary and compelling reasons" warrant a sentence reduction. "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35; and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered. 18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Despite Hayes' contention that he is entitled to a reduction in his sentence, the law and evidence before the court indicate otherwise. Application note 1 of the United States Sentencing Guidelines §1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under §3582(c)(1)(A):

(A) **Medical Condition of the Defendant.-**

    (i) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is –
        (I) suffering from a serious physical or mental condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (C) **Family Circumstances.** –

  (i) The death or incapacitation of the caregiver of the defendant's minor child or children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

 (D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." United States v. Stowe, Crim. Act. No. H-11-803(1), 2019 4673725 at *2 (S.D. Tex. Sept. 25, 2019); United States v. Jones, 836 F.3d 896, 899 (8th Cir.2016) (the movant bears the burden of proving he is entitled to a sentence reduction). Hayes has not provided medical records nor anything but his self-serving statements that he suffers from high blood pressure and diabetes. Even if we were to take him at his word, there is nothing stated which indicates either of his conditions is not adequately controlled by BOP medical staff. "The court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." United States v. Dodge, No. 17-323-01, 2020 WL 3668765, at *6 (W.D. La. July 6, 2020). Without proof that his underlying conditions present "extraordinary and compelling reasons" for a sentence reduction, he motion would be denied.

  In light of the foregoing, it is hereby

ORDERED that Dewaine Raye Hayes' "*Pro Se* Motion for Sentence Reduction under the Compassionate Release Statute, 18 U.S.C. §3582(c)(1)(A)(i), as Amended by the First Step Act" (Doc. 522) is DENIED.

THUS DONE AND SIGNED this 26th day of October 2020, at Alexandria, Louisiana.

                                                            DEE D. DRELL, JUDGE
                                        UNITED STATES DISTRICT COURT